

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 9, 2019

**BY ECF**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. David Buckhanon*, S4 15 Cr. 854 (SHS)

Dear Judge Stein:

  The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for October 16, 2019 at 2:30 p.m., for defendant David Buckhanon (the "defendant"). On October 10, 2018, the defendant pleaded guilty pursuant to a plea agreement with the Government to Count One of the above-captioned Superseding Information, charging him with, from in or about 2004 until February 2017, participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of cocaine base, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846. Pursuant to the plea agreement, the defendant's sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 121 to 151 months' imprisonment, with a mandatory minimum sentence of 120 months' imprisonment (the "Stipulated Guidelines Range"). The Probation Department arrived at the same applicable Guidelines range. (PSR ¶ 98). For the reasons set forth below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 121 to 151 months' imprisonment would be fair and appropriate in this case.

## Background

  The Government has set forth a detailed factual background of this case and this defendant's offense conduct in its letter dated January 27, 2019 regarding the relative culpability of the eight defendants charged in this matter (the "Relative Culpability Letter"). That letter explains the history of the Beach Avenue Crew (or "Crew"), which controlled narcotics distribution in its territory for nearly a decade and maintained that control by intimidating outsiders, possessing firearms, and engaging in acts of violence. As explained in the Relative Culpability Letter and as set forth in the PSR, the defendant sold crack cocaine to end users around Beach Avenue and as part of the Beach Avenue Crew for several years until he was arrested in 2017. (PSR ¶ 21). Over the course of his membership in the Beach Avenue Crew, the defendant was responsible for distributing at least 280 grams of crack cocaine, and he possessed firearms to protect the Crew's drug territory from rivals.

Hon. Sidney H. Stein
October 9, 2019
Page 2 of 3

Pursuant to U.S.S.G. § 2D1.1(c)(5), the defendant's base offense level is 30 because his offense involved the distribution of at least 280 grams of cocaine base. In addition, two levels are added because he possessed a firearm in connection with the offense. After adjusting for his acceptance of responsibility pursuant to U.S.S.G. § 3D1.1, the defendant's total Guidelines offense level is 29 (PSR ¶ 34-44). With a criminal history category of IV, the defendant's applicable Guidelines sentencing range is 121 to 151 months' imprisonment. (PSR ¶ 98). The PSR recommends a sentence of 120 months' imprisonment. (PSR at 25).

### Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez* v. *United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh* v. *United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in 18 U.S.C. § 3553(a)(2). To the extent a district court imposes a sentence outside the range recommended by the Guidelines, it must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 50).

### A Sentence Within the Stipulated Guidelines Range Is Appropriate

The Government respectfully submits that a sentence within the Stipulated Guidelines range of 121 to 151 months' contemplated by the plea agreement is warranted in this case. In particular, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for specific deterrence all weigh in favor of a Guidelines sentence.

The seriousness of the offense weighs in favor of a Guidelines sentence. The defendant was a member of a violent street gang whose members sold drugs and protected its territory through shootings and threats of violence. The defendant sold drugs as part of the Crew for over a decade. He also personally possessed guns to protect the Crew's territory against rivals. (PSR ¶ 21). Drug dealing destroys and endangers communities, and the defendant's drug dealing was extensive and damaging. As a member of the Crew, the defendant's drug dealing promoted the Crew's violent grip on the Bronx neighborhood it controlled.

This defendant is more culpable than the members of the Crew who exclusively sold narcotics. He defendant personally possessed firearms to protect the Crew's territory and deter rival drug dealers. A Guidelines sentence is appropriate to provide just punishment for the defendant's conduct.

Hon. Sidney H. Stein
October 9, 2019
Page 3 of 3

A Guidelines sentence is also warranted to accomplish deterrence and to promote respect for the law. The defendant's drug dealing spanned thirteen years—and continued unabated despite numerous convictions—and is therefore deserving of a substantial sentence to achieve deterrence and to promote respect for the law.

## **Conclusion**

For the reasons set forth above, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 121 to 151 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: __/s/_____
Maurene Comey
Karin Portlock
Jacob Warren
Assistant United States Attorneys
Southern District of New York
(212) 637-2324 / 1589 / 2264

cc:   Robert M. Radick, Esq. (by ECF)
      Devin M. Cain, Esq. (by ECF)