# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

rradick@maglaw.com
(212) 880-9558

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 21, 2019

**By ECF**

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10017

RE:   *United States v. David Buckhanon*, **15 cr. 854**

Dear Judge Stein:

We respectfully submit this letter to request that the Judgment entered as to David Buckhanon on October 17, 2019 (Docket Entry 434) be corrected.

As the Court may recall, near the conclusion of Mr. Buckhanon's sentencing, we expressed a concern as to a proposed special condition of supervised release that related to gang affiliation. In particular, following a colloquy about amendments that had been made to this provision in a prior sentencing, the Court indicated that it would modify the condition so that it would prohibit only the knowing association with the Beach Avenue Crew. However, the Judgment that was entered on October 17, 2019 does not reflect these changes, and instead incorporates the exact language from the Presentence Report as to which we had objected. In particular, as it currently reads, the fourth paragraph of page 5 of the Judgment states that "[t]he defendant shall not associate or interact in any way, including through social media websites, with any gang members or associates, particularly members and associates of the Beach Avenue Crew, or frequent neighborhoods (or 'turf') known to be controlled by said Enterprise."

In light of the Court's statement at sentencing that it would modify this language, we request that this particular condition of supervision in the Judgment be amended so that it reads only as follows: "The defendant shall not knowingly associate with any member of the Beach Avenue Crew." Such an amendment would conform the Judgment to the Court's verbal statements at sentencing, and would cause this aspect of Mr. Buckhanon's Judgment to match the

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

Honorable Sidney H. Stein
October 21, 2019
Page 2

language the Court used in its Judgment as to Mr. Buckhanon's co-defendant, Kyle Mullings. (Dkt. 388 at 5.)

We thank the Court for its attention to this request.

Respectfully submitted,

Robert M. Radick
Devin M. Cain

cc:   AUSA Maurene Comey (by ECF)
      AUSA Jacob Warren (by ECF)