UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

UNITED STATES OF AMERICA,

v.

DAVID BUCKHANON,

Defendant.

-------------------------------------------------------------

15-CR-854 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant David Buckhanon has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). (ECF No. 527.) Buckhanon is currently serving a sentence of 120 months for having engaged in a conspiracy to distribute and possess with intent to distribute crack cocaine in the Bronx as a member of the "Beach Avenue Crew." (J., ECF No. 434; PSR ¶14.)

18 U.S.C. § 3582(c)(1), the compassionate release statute, permits a court to reduce a defendant's sentence if: (i) the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"; (ii) "extraordinary and compelling reasons warrant such a reduction"; and (iii) the reduction would be consistent with "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

The first element is satisfied here, as the warden at FCI Ray Brook denied Buckhanon's request on February 28, 2022. (Warden Christensen's Resp., ECF No. 527, at 10.) Nevertheless, Buckhanon's motion fails because he has not shown "extraordinary and compelling reasons" meriting a reduction in his sentence, nor would such a reduction be consistent with the Section 3553(a) factors.

Buckhanon has not shown how his medical circumstances would support a reduction in his sentence. He reports that he suffers from a variety of symptoms stemming from long-COVID, but never says what those symptoms are. (Buckhanon Ltr., ECF No. 527, at 9.) In denying defendant's petition, the warden wrote that Buckhanon had not been seen by the prison's Health Services Department in more than a year, that the defendant never tested positive for COVID-19, and that the prison records do not reflect that he suffers from any medical conditions. (Warden Christensen's Resp., ECF No. 527, at 10.) The Court is mindful that virus transmission rates will fluctuate. However, the present risk of defendant testing positive for COVID-19 at the facility where Buckhanon is currently serving his sentence is quite low: as of today, there were no reported infections among 877 inmates. BOP: COVID-19 Update, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last

updated Apr. 8, 2022); FCI Ray Brook, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/rbk/.

The Court recognizes Buckhanon's understandable and heartfelt desire to care for his parents who he reports are elderly and ailing; the Court also understands that Buckhanon hopes to undertake educational and employment training outside of prison. (Def. Ltr., ECF No. 527, at 9; Def. Mot., ECF No. 527, at 6.) However, Buckhanon is by no means alone in wanting to care for family members and better himself, and those interests do not constitute an extraordinary and compelling reason for reducing a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, United States v. Pinto-Thomaz, 454 F. Supp. 3d 327, 330 (S.D.N.Y. 2020) (JSR) (finding that an inmate's desire "to care for [an] elderly mother, who does face a higher risk of severe disease from COVID-19, upon his release from custody" is "not an 'extraordinary and compelling reason'"); *United States v. Vargas*, 502 F. Supp. 3d 820, 828-29 & n.3. (S.D.N.Y. 2020) (VEC) (granting compassionate release to an inmate who was at heightened risk of contracting COVID-19, had been rehabilitated after three decades in prison, and who sought to assist his mother with cancer and diabetes, but noting that caring for the mother, "standing alone, would not likely warrant granting Mr. Vargas compassionate release"); *United States v. Gogel*, No. 13-CR-521-LTS-4, 2021 WL 5827638, at *4 (S.D.N.Y. Dec. 8, 2021) (LTS) (finding that "the lack of access to specialized job training does not qualify as an exceptional circumstance differentiating him from any other inmate").

Next, even if the Court were to have found that "extraordinary and compelling reasons" exist here (and, as explained above, the Court makes no such finding), a reduction in Buckhanon's sentence would not be consistent with the Section 3553(a) factors. These factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. §§ 3553(a)(2)(A), (a)(4)(A).

Here, Buckhanon pled guilty and was sentenced to one count of conspiring to distribute and possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. § 846. Buckhanon had collaborated with seven co-defendants in the Beach Avenue Crew to distribute crack in the Bronx between 2004 and 2017 and he personally possessed firearms to protect the Beach Avenue Crew's territory from rivals. (PSR ¶ 21.) Among the seven members of the conspiracy who have been sentenced to date, Buckhanon was sentenced to 120 months, the mandatory minimum sentence in his case, as were the similarly situated defendants Jaleel Baron (ECF No. 426, at 2) and Jammal Lindo (ECF No. 389, at 3). *See* Gov't Ltr., ECF No. 326, at 8. Buckhanon's involvement in a drug trafficking conspiracy that involved the possession of firearms caused grave harm to the community in the Bronx and a reduction in Buckhanon's sentence would be inconsistent with the Section 3553(a) factors.

In sum, Buckhanon has not shown that a reduction in his sentence is warranted. Not only has he failed to show the existence of any "extraordinary and compelling reasons" justifying a reduction, but also such a reduction would be inconsistent with the Section 3553(a) factors. Accordingly, Buckhanon's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: David Buckhanon [78818-054], FCI-Ray Brook, Federal Correctional Institution, P.O. Box 900, Ray Brook, NY 12977.

Dated: New York, New York
April 8, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.